## UNITED STATES BANKRUPTCY COURT

### EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION - DETROIT

GLENN R. UNDERWOOD,

Case No. 06-55754-tjt
Hon. Thomas J. Tucker

**Debtor/Plaintiff**

Chapter 11
Adversary Proceeding No. 14-4966-tjt

- v -

PATRICIA SELENT & LYNDA CARTO

FILED (1)
2014 SEP 24 P 1:11
U.S. BANKRUPTCY COURT
E.D. MICHIGAN-DETROIT

    Creditor's/Defendant's

---

GLENN R. UNDERWOOD
Debtor/Plaintiff, In Pro Per
P.O. Box 474
Clarkston, MI 48347
(248) 625-4599
(248) 625-7005 Fax

PATRICIA SELENT
Creditor/Defendant, In Pro Per
P.O. Box 386
Davisburg, MI 48350
(248) 625-5548

LYNDA CARTO
Creditor/Defendant, In Pro Per
9071 Seaver Court
Grand Blanc, MI 48439
(810) 695-3793

---

## CREDITOR'S/DEFENDANT'S MOTION TO DISMISS DEBTOR'S ADVERSARY COMPLAINT AND TO ENFORCE THE OCTOBER 14, 2008 COMBINED PLAN AND COURT ORDER.

Note: *To limit massive volumes of paper, only complete copies of the court orders from the various cases will generally be attached as Exhibits.*

1. This time through the Bankruptcy Court, Glenn Underwood is **again** trying to retry the underlying Circuit Court Case No. 2004-056175-CB, Lynda Carto, et al. v. Underwood Property Management Company, held in the Oakland County Circuit Court, before the Hon. John J. McDonald. A final adjusted judgment and order (**Exhibit - 1**) was issued by Judge McDonald on November 24, 2010 and the current total judgement amount owed with interest is $292,647.34 (**Exhibit - 29**). The judgement is the sole reason Glenn Underwood filed for Chapter 11 bankruptcy protection. Glenn Underwood then tried through numerous motions, appeals and other lawsuits to have this Judgment amended and/or reversed and/or retried. The following court actions transpired:

(a) **Summary of Actions in the Circuit Court, Case No. 2004-056175-CB**:

As shown in **Exhibit - 3 & 4**, Glenn Underwood tried to modify the Judges Order appointing a CPA to review the court of appeals order calling for recalculation and clarification of remanded damage amounts. Several attempts were then made by Glenn Underwood to obtain relief from the November 24, 2010 **Final Order** or to have the order reversed (**Exhibits - 5 thru 7**) along with motions for a new trial (**Exhibits - 7 & 8**). He essentially tried to **appeal** the November 24, 2010 **Final Order** issued by Judge McDonald upon Judge McDonald's retirement in the Circuit Court. Glenn Underwood then motioned to disqualify the reassigned Judge Wendy Potts (**Exhibits - 9 & 10**). When Judge Wendy Potts ruled against him, he then accused her and the retired Judge McDonald along with the CPA, Mr. Carroll, of being biased, prejudice and conspiring against him. He also motioned to remove two of the seven plaintiffs (**Exhibit - 11**). After **all** of his motions were **DENIED in this Oakland County Circuit Court** and much time

2

expended especially by submitting similar motions and motions for reconsideration, Glenn Underwood then shifted his appeals to the Michigan Court of Appeals.

(b) **Summary of Actions in the MI Court of Appeals, Case No. 2004-056175-CB:**

Throughout the entire appeal process, Glenn Underwood has tried to stall, aggravate, harass and wear down the now Creditors hoping to win by default. Glenn Underwood's reconsideration motion to the Michigan Court of Appeals was DENIED on September 18, 2012 (**Exhibit - 12**). This affirmed the ruling on his delayed application for leave to appeal the November 24, 2010 final order along with the May 18, 2011 order and Dec. 5, 2011 order that was DISMISSED on July 24, 2012 for lack of jurisdiction because his application was filed past the allowed time period (**Exhibit - 13**). Since the June 12, 2008 Court of Appeals remand order, all appeals submitted, except one improper and unallowable appeal (**Exhibit - 14**), were also filed past the allowed time period and **all of Glenn Underwood's appeals/reconsideration motions to the Michigan Court of Appeals were DISMISSED/DENIED for lack of jurisdiction (Exhibits - 12 thru 16).**

(c) **Summary of Actions in the MI Supreme Court, Case No. 2004-056175-CB:**

Glenn Underwood's appeal submission to the Michigan Supreme Court was not allowed because it was untimely (**Exhibit - 17**).

2. Based on the DISMISSED and DENIED orders of Glenn Underwood's appeals listed above, the November 24, 2010 adjusted judgement and order (**Exhibit - 1**) together with the June 19,

3

2006 Opinion and Order and Judgement (**Exhibit - 2, pages 13 -15 only**) issued by Judge

McDonald, constitute a **FINAL AND NON-APPEALABLE ORDER UNDER THE LAWS

OF THE STATE OF MICHIGAN**. **It is the result of years of litigation involving

depositions, discovery, court trials, appeals, remand actions, countless motions and

reconsideration motions, etc., etc., that touched various aspects of The Underwood Estate

and UPMC Partnership, John Underwood's care, etc.. There is overwhelming voluminous

documentation/evidence supporting this litigation.** Glenn Underwood was afforded his due

process of the law in the State of Michigan.


3. **Actions in Similar and Related Lawsuits submitted by Glenn Underwood**:


(1) On February 18, 2010 Glenn Underwood presented 102 similar allegations (**Exhibit -

18**) listed in Circuit Court Case No. 2010-107861-CB, against then defendant, Patricia Selent,

also a plaintiff and a partner/managing partner in Case No. 2004-056175-CB. The defendants

motion to dismiss was granted (**Exhibit - 19**). Judge McDonald's order granting DISMISSAL

was upheld in the Michigan Court of Appeals (**Exhibit - 20**) and the Michigan Supreme Court

(**Exhibit - 21**). Glenn Underwood's concluding statements in these appeals asked to have Judge

McDonald's November 24, 2010 order vacated and/or reversed or a new trial. The Courts were

not persuaded.

(2) In a related Probate Case No. 1977-130,773-DD (**Exhibit - 22**), allegations were

filed by Glenn Underwood against the defendant, Patricia Selent, again, a plaintiff and a partner/

managing partner in underlying Case No. 2004-056175-CB. The Petition to Surcharge Former

4

Fiduciary (Pat Selent) was Denied (**Exhibit - 23**). It is noted that Judge Moore's order granting DISMISSAL was upheld in the Michigan Court of Appeals (**Exhibit - 24**).

(3) In a related 2006 Probate Court Case No. 2006-306917-CZ, Glenn Underwood sued the Personal Representative of John Underwood's Estate, Defendant, Mr. Stephen Albery. The Motion for Summary Disposition in favor of the Defendant, Mr. Stephen Albery, Personal Representative of John Underwood's Estate was GRANTED (**Exhibit - 25**). It is noted that Judge Moore's order granting DISMISSAL was upheld in the Michigan Court of Appeals (**Exhibit - 26**).

(4) He then, **again**, tried to appeal and/or retry these issues through another lawsuit against Lynda Carto, Case No. 2012-131130-CB, who was a party in the underlying Case No. 2004-056175-CB. After being denied twice in the Circuit Court and in all ensuing Michigan Appellate Courts, he was venting his anger on Lynda Carto causing further undue cost and vexation. **Exhibit - 27** is the latest August 28, 2014 ruling from the MI Court of Appeals that best summarizes Glenn Underwood's actions as being vexatious and taken for the purposes of hindrance or delay and without any reasonable basis for belief that there was a meritorious issue to be determined. The Court of Appeals further warned Underwood that he could not repeatedly attempt to relitigate the issues in the 2004 case and that his repeated lawsuits wasted judicial resources. Finally, the Court of Appeals has directed its clerk and the trial court not to accept, and to return without filing, any further filings by Underwood in any non-criminal matter until Underwood has paid all necessary fees and sanctions and has submitted his filings in full compliance with the court rules. Again, we have a <u>FINAL AND NON-APPEALABLE ORDER UNDER THE LAWS OF THE STATE OF MICHIGAN</u>. Glenn Underwood was afforded his

due process of the law in the State of Michigan that complies with all Federal and Constitutional requirements. Now, to allow Glenn Underwood yet **another** court proceeding in this Bankruptcy Court would be ludicrous. Glenn Underwood has misinterpreted the statement at the bottom of page 1 of the October 14, 2008 Bankruptcy Order (**Exhibit - 28**) that states "**or, the Judgement Creditors on Appeal are deemed to not have an allowed claim**" as meaning that the Bankruptcy Court shall determine whether the claim is allowed. The order clearly does not state this nor is intended to mean that this Bankruptcy Court shall retry the civil case to determine if the claim is allowed.

4. As payment on the judgement under the final approved plan (**Exhibit - 28**), Glenn Underwood quit claimed 6 properties to the Liquidating Agent, Gene Kohut. However, there are issues associated with all these properties as follows:

(a) 6185 White Lake Road - Glenn Underwood sold this property on April 4, 2012. He and his wife executed a land contract for $110,000 wherein they claimed they were the owners when in fact Gene Kohut was the owner. In addition, Glenn Underwood now claims his wife has legal ownership rights to this property even though she signed the quit claim deed to Gene Kohut. Also, he filed a Lis Pendens Notice against this property with the Oakland County Register of Deeds thus inhibiting the sale of this property.

(b) 6085 White Lake Road - Glenn Underwood now claims his wife has legal ownership rights to this property even though she signed the quit claim deed to Gene Kohut. Also, he filed a Lis Pendens Notice against this property with the Oakland County Register of Deeds thus inhibiting the sale of this property. In addition $4,809.52 in back taxes are owed as of 9/30/2014.

(c) 9230 Dixie Highway with 4 lots - two of the 4 lots have been forfeited to Oakland County on a tax foreclosure making the remaining office property on only 2 lots now less desirable due to lack of parking and lack of access to the barns located on the remaining office property. Also, Glenn Underwood filed a Lis Pendens Notice against this property with the Oakland County Register of Deeds thus inhibiting the sale of this property. In addition $1,408.90 in back taxes are owed as of 9/30/2014.

(d) 9237 Hillcrest - has been vacant for years with unknown interior condition. It looks unkept and needs a lot of work on it.

(e) 11875 Milford Road - has been vacant for years with unknown interior condition. Also, the title is clouded because the property was never split off from the main parcel when Glenn Underwood purchased it via a warranty deed. Taxes have been paid by the Schwartz family who own the main parcel. Glenn Underwood paid his share of taxes for a while; however, he stopped paying his share years ago.

(f) 147 Hudson/158 Summit - 5 unit complex located in an area of Pontiac with a lot of vacant and boarded up homes. This complex also has been boarded up for years with unknown interior condition.

Out of the six properties listed above, only the first three listed are considered desirable and marketable. The Liquidating Agent, Gene Kohut, only deeded these first three properties to the Creditors on Appeal. However, they are currently not marketable because of Lis Pendens Notices filed against them by Glenn Underwood. Therefore, Glenn Underwood has deeded unmarketable properties to pay against the judgement. This is in non-compliance with the

7

combined plan and order. Furthermore, Glenn Underwood is in non-compliance with the October 14, 2008 Order by not escrowing and maintaining a balance of the no less than $50,000.00 that was payable 10 days after all appellate rights have been exhausted (**Exhibit - 28**).

## SUMMARY:

1. This adversary complaint is yet another stall on the part of Glenn Underwood to keep from paying the judgement owed to the creditors. We have a final and non-appealable order under the laws of the State of Michigan for a total judgement amount of $292,647.34 with interest (**Exhibit - 29**) owed by the Debtor, Glenn Underwood, and as of this date <u>no</u> money has been received by the Creditors.

2. Glenn Underwood is in non-compliance with the October 14, 2008 Order by offering unmarketable properties as payment on the judgement and by not escrowing and maintaining a balance of the no less than $50,000.00 that was payable 10 days after all appellate rights have been exhausted (**Exhibit - 28**).

3. We trust that the court appointed Liquidating Agent, Gene Kohut, acted in good faith and in accordance with the combined plan and October 14, 2008 Order and leave it up to him to support his actions and the allegations against him by Glenn Underwood.

## CONCLUSION:

Based on the above, this adversary complaint should be DISMISSED. We further request that

the Chapter 11, October 14, 2008 Combined Plan be enforced by this court by compelling Glenn Underwood to pay the creditors $50,000.00 immediately in accordance with the combined plan and by compelling him to remove all restrictions he placed on the properties he assigned as payment on the judgement to make them marketable. Finally, we request that this court direct the Oakland County Circuit Court to release to the Creditors all money held under Glenn Underwood's accounts (approximately $24,000.00) as payment on the judgement.

Respectfully submitted,

Dated: September 24, 2014

Patricia Selent
Creditor/Defendant

Lynda Carto
Creditor/Defendant

# EXHIBIT 1

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND

LYNDA CARTO, et al.,

Plaintiffs,

v                                                    Case No. 04-056175-CB
                                                     Hon. John J. McDonald

GLENN R. UNDERWOOD,
                    Defendant,

_____/

At a session of Court held
in the City of Pontiac, County of
Oakland, State of Michigan, on
November 24, 2010.

PRESENT:    HON. JOHN J. McDONALD
            CIRCUIT COURT JUDGE

**OPINION AND ORDER**

This matter is before the Court on a remand from the Michigan Court of Appeals[1]; the

Court being fully advised in the premises finds as follows:

The Court of Appeals ruled that the damages award of this Court's Opinion was vacated

and then remanded the matter for recalculation and/or clarification as detailed in its opinion. In

order to accomplish the recalculation as order, this Court engaged the expert services of Thomas D.

Carroll, Certified Public Accountant.

Pursuant to this Court's Order, the parties had the opportunity to meet with Mr. Carroll on several occasions to explain their positions regarding the accounting at issue. After meeting with the parties and reviewing relevant court documents and the June 12, 2008 Court of Appeals' Opinion, Mr. Carroll issued his report. The Court allowed the parties time to review Mr. Carroll's report and then conducted a hearing in which the parties were allowed to question Mr. Carroll as to his calculations.

At the hearing, the Court ruled that a modification to Mr. Carroll's report should be made as to Social Security and interest and certain legal fees. Mr. Carroll then revised his report in accordance with the Court's modifications.

Thus, in response to the June 12, 2008 Court of Appeals' Opinion, the Court hereby adopts Mr. Carroll's report and orders that Defendant now owes an adjusted liability of $200,823.00 to Plaintiffs. Attached as Exhibit A to this Opinion is Mr. Carroll's Report. Lastly, the Court finds that ½ of Mr. Carroll's fees shall be divided equally among Plaintiffs and the remaining ½ of Mr. Carroll's fee shall be paid by Defendant.

IT IS SO ORDERED.

JOHN J. McDONALD

_____
JOHN J. McDONALD
CIRCUIT COURT JUDGE

# EXHIBIT 2

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR OAKLAND COUNTY

LYNDA CARTO, et al.,

     Plaintiffs,

                            Case No. 04-056175-CB
                            Hon. John J. McDonald

   – vs –

UNDERWOOD PROPERTY
MANAGEMENT COMPANY, et al.,

     Defendants.

_____/

HYMAN LIPPITT, P.C.          HARRY, McMILLEN & FIEDERLEIN
J. Leonard Hyman (P15318)     C. Daniel Harry (P33990)
322 N. Old Woodward        6483 Waldon Center Drive, Suite 10
Birmingham, MI 48009        Clarkston, MI 48346
(248) 646-8292               (248) 620-1300
Counsel for Plaintiffs         Counsel for UPMC and Glenn Underwood

LAW OFFICES OF DEAN J. GROULX
Dean J. Groulx (P51262)
363 W. Big Beaver Road, Suite 300
Troy, MI 48084
(248) 720-0290
Co-counsel for Plaintiffs

**OPINION AND ORDER
AND
JUDGMENT**

At a session of said Court, held in the Courthouse,
In the City of Pontiac, County of Oakland, State of Michigan

    On: _____**JUN 1 9 2006**_____

Hon. _____**JOHN J. McDONALD**_____

53. $900,929.01 plus $65,000.00 = $965,929.01.

54. $311,000.00 needs to be subtracted from $965,929.01 in order to credit to Glenn Underwood the amount above the $156,000.00 he has been paid already that this Court has determined is reasonable compensation for his services as John Underwood's caregiver, or $654,929.01.

55. Glenn Underwood is liable to the plaintiffs for 60% of $654,929.01, or $392,752.00.

56. Glenn Underwood must account to the partnership and the partners in proportion to their partnership interests for the fair value of 19250 Lenore and 5682/5684 Hillsboro Road, or $220,000.00.

57. The remaining UPMC properties, having a fair market value of $1,600,000.00 according to Glenn Underwood, are to be listed for immediate sale.

## Judgment

IT IS HEREBY ADJUDGED AND ORDERED that:

1. Glenn Underwood is removed as a managing partner of UPMC, effective immediately;

2. Glenn Underwood is liable to the plaintiffs in the amount of $392,752.00, plus statutory costs and interest;

3. 19250 Lenore and 5682/5684 Hillsboro Road shall be listed with a licensed real estate broker for immediate sale. The net sale proceeds will be deposited with the Oakland County Circuit Court and, then, distributed to each of the partners (i.e., Lynda Carto, Patricia Selent, Virginia Lancaster, D. Jeanette Sullivan, Thomas

Underwood, Julie McCarver, Angela Steabell, Julia Snead, the Estate of John Underwood, Charles Underwood, and Glenn Underwood) in proportion to their respective partnership interest in UPMC;

4. All remaining UPMC properties shall be listed with a real estate broker for immediate sale. The net sale proceeds will be deposited with the Oakland County Circuit Court and, then, distributed to each of the partners (i.e., Lynda Carto, Patricia Selent, Virginia Lancaster, D. Jeanette Sullivan, Thomas Underwood, Julie McCarver, Angela Steabell, Julia Snead, the Estate of John Underwood, Charles Underwood, and Glenn Underwood) in proportion to their respective partnership interest in UPMC;

5. The parties will attempt to select a licensed real estate broker mutually agreeable to the parties to sell the properties identified above. If they are unable to agree on a broker, then this Court shall select a broker. The listing agreement(s) shall be executed and administered by judicial decree of this Court. If the parties are unable to agree on whether to accept or reject offers, to make counter-offers, and so forth, then this Court shall resolve all such disputes;

6. Glenn Underwood shall continue to hold in a separate, segregated interest bearing bank account the cash distributions from UPMC for the benefit of Julie McCarver and Angela Staebell as

14

beneficiaries of the Estate of Eva Rodic, pending a decision by a Texas probate court as to whether these funds constitute "community property" under Texas probate law and as to the disposition of these funds. Glenn Underwood shall forward a true and complete copy of all monthly account statements and other correspondence he receives for such accounts to the plaintiffs' legal counsel within 7-days after he receives each such statement.

JOHN J. McDONALD

CIRCUIT COURT JUDGE

Approved as to form but
not as to substance

Dean J. Groulx (P51262)
Counsel for Plaintiffs

C. Daniel Harry (P33990)
Counsel for Glenn Underwood

( Per permission
See attached
e-mail 6.15.06 )

A TRUE COPY
RUTH JOHNSON
Oakland County Clerk - Register of Deeds

By: _____
Deputy

15

# EXHIBIT 3

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND

LYNDA CARTO, et al,.,

        Plaintiffs,

v                                   Case No. 04-056175-CB
                                   Hon. John J. McDonald

GLENN R. UNDERWOOD,
        Defendant,

At a session of Court held
in the City of Pontiac, County of
Oakland, State of Michigan, on
May 9, 2010

PRESENT:   HON. JOHN J. McDONALD
                CIRCUIT COURT JUDGE

## OPINION AND ORDER

This matter is before the Court upon Defendant's motion for Modification of the Court's Order dated May 7, 2009 pursuant to MCR 2.612(C)(1)(a), (c), & (f) and MCR 2.612 (C)(3); the Court being fully advised in the premises finds as follows:

Defendant seeks modification of the Court's Order which appointed an accountant to serve as the Court's expert to calculate Plaintiffs' damages pursuant to the Order of Remand and Opinion of the Michigan Court of Appeals dated June 12, 2008. The Order also provides that the Court reserves the right to assess fees and costs against Defendant in favor of Plaintiffs

if, after review by the expert, a judgment is entered in favor of Plaintiffs in an amount at least equal to the amount set forth in Plaintiffs' proposed renewed motion for entry of judgment. It is important to note that this Order was approved as to form by Plaintiffs' and Defendant's counsel.

The Court of Appeals ruled that the damages award was vacated and then remanded the matter for recalculation and/or clarification as detailed in its opinion. In order to accomplish the recalculation as order, the Court finds that it required the expert services of an accountant.

The Court finds that there is no basis for modifying the Order at issue. The Order comports with the Court of Appeals opinion. Further, there is no evidence as to any of the grounds for relief stated in MCR 2.612(C)(1)(a), (c),or (f) [1] as alleged by Defendant. Lastly, the Court finds that the clause in the order reserving the right to assess fess and costs against Defendant in favor of Plaintiffs if, after review by the expert, a judgment is entered in favor of Plaintiffs in an amount equal to the amount set forth in Plaintiffs' proposed renewed motion for entry of judgment is appropriate under the circumstance. This has been a long, drawn out and litigious case. Should there not be a valid basis for Defendant's objection to Plaintiffs' proposed judgment, costs would be appropriate pursuant to MCR 2.114 (D) and (E).

Accordingly, Defendant's motion is DENIED.

A TRUE COPY
'OHNSON
Register of Deeds

*Ashlee Edwards*

JOHN J. McDONALD
_____
JOHN J. McDONALD
CIRCUIT COURT JUDGE

---

[1] MCR 2.612 (C)(1) (a) Mistake, inadvertence, surprise, or excusable neglect.; (c)Fraud (intrinsic or extrinsic), misrepresentation, or other misconduct by an adverse party. : and (f) Any other reason justifying relief from the operation of the judgment.

# EXHIBIT 4

04-056175-CB

JUDGE JOHN J. MCDONALD
CARTO.LYNDA v UNDERWOOD PRC

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND

**LYNDA CARTO, et al.,**

        Plaintiffs,

- vs -

**UNDERWOOD PROPERTY MANAGEMENT
COMPANY, et al.,**

        Defendants.

Case No. 04-056175-CB
Hon. John J. McDonald

---

HYMAN LIPPITT, P.C.
J. Leonard Hyman (P15318)
Stephen T. McKenney (P65673)
322 N. Old Woodward
Birmingham, MI 48009
(248) 723-1596
Counsel for Plaintiffs

RAY M. TOMA, PC
Ray M. Toma (P48840)
74 W. Long Lake Road, Suite 101
Bloomfield Hills, MI 48304-2770
(248) 594-4544
Attorney for Glenn Underwood

Law Offices of Dean J. Groulx, P.C.
Dean J. Groulx (P51262)
363 W. Big Beaver Rd. Ste 250
Troy, MI 48084
(248) 720-0290
Co-counsel for Plaintiffs

---

## ORDER APPOINTING EXPERT ACCOUNTANT

At a session of said Court, held in the Courthouse,
In the City of Pontiac, County of Oakland, State of Michigan

On: _____ MAY 0 7 2009 _____

Hon. _____ JOHN J. McDONALD _____

This matter having come before the Court upon the filing of Plaintiffs' Renewed

Motion for Entry of Judgment; hearings having been held on February 25, 2009, March

18, 2009, and March 25, 2009; upon the filing of Plaintiffs' Objection to Proposed Order;

a hearing having been held on May 6, 2009; and the Court otherwise being fully advised

in the premises:

IT IS HEREBY ORDERED that:

1.    Thomas Caroll, CPA, is appointed by this Court to serve as its expert to calculate the plaintiffs' damages on remand as set forth in the unpublished opinion of the Court of Appeals, dated June 12, 2008.  In performing this function, Mr. Caroll is limited to the trial court record and may only utilize proofs and the theory of damages adduced at trial on May 11 and May 12, 2006, including the plaintiffs' motion for summary disposition decided in the morning on May 11, 2006.

2.    In the event that after review by Mr. Caroll, a judgment is entered in favor of the plaintiff in an amount at least equal to that proposed in their Plaintiffs' renewed motion for entry of judgment, the Court reserves the right to assess fees and costs against the Defendant and in favor of the Plaintiffs.

3.    Mr. Caroll's fees and expenses will be divided equally, with the plaintiffs being responsible for 50% of Mr. Caroll's fees and expenses and Mr. Underwood being responsible for 50% of his fees and expenses.

4.    The Order Appointing Expert Accountant entered on April 15, 2009, is SET ASIDE and VACATED.  The Order was signed and entered in error.

JOHN J. McDONALD
_____
CIRCUIT COURT JUDGE

Notice and Hearing on Entry of
The Above Order is Waived.  Approved
As to Form:

_____
Dean J. Groulx (P54262)
Attorney for Plaintiffs

_____
Ray M. Toma (P48840)
Attorney for Glenn Underwood

A TRUE COPY
RUTH JOHNSON
Oakland County Clerk - Register of Deeds
By _____
        Deputy

# EXHIBIT  5

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND

LYNDA CARTO, et al,

Plaintiffs,

v.

Case No: 04-056175-CB
Hon. Wendy Potts

GLENN UNDERWOOD,

Defendant.

/

A TRUE COPY
BILL BULLARD, JR.
Oakland County Clerk - Register of Deeds
By: _____ Deputy

**OPINION AND ORDER RE: DEFENDANT'S MOTION FOR RECONSIDERATION OF THE DECEMBER 5, 2011 OPINION AND ORDER RE: DEFNDANT'S MOTION FOR RELIEF FROM NOVEMBER 24, 2010 REVISED JUDGMENT PURSUANT TO MCR 2.613(A)(B)&(C), MCR 2.612(C)(1)(A)(B)(C)(F), AND MCR 2.612(C)(2)**

At a session of Court
Held in Pontiac, Michigan
On
_____ APR 2 6 2012 _____

Defendant Glenn Underwood moves the Court to reconsider its December 5, 2011 opinion and order denying Defendant's request for relief from judgment. The decision whether to grant reconsideration is discretionary. MCR 2.119(F)(3); *Charbeneau v Wayne County General Hosp,* 158 Mich App 730, 733 (1987). Reconsideration is warranted if Defendant identifies a palpable error by which the Court and the parties have been misled and shows that a different disposition must result from correction of that error. MCR 2.119(F)(3).

The Court denied Defendant's motion for relief from judgment on several grounds. Nearly all of Defendant's arguments as to why he is entitled to reconsideration have already been raised by Defendant in his motion for a new trial and rejected by this

Court either in its opinion denying the motion for a new trial or in its opinion denying reconsideration. The crux of Defendant's theory, which has been repeatedly addressed -- and denied -- by this Court is that, in his opinion, the judgment against him is based on the Court's reliance on misleading analysis and findings of the CPA appointed by Judge McDonald.

To the extent that Defendant is asserting the same issues raised in his motions for new trial, for reconsideration, and for relief from judgment, he fails to demonstrate palpable error required under MCR 2.119(F)(3) which would compel the Court to come to different conclusions.

Defendant further claims that because Plaintiff Carto did not attend trial in 2006, he is entitled to a new trial, arguing that she was an "absent indispensible party" and cites Rule 19 of the Federal Rule of Civil Procedure. The Michigan Court Rules "govern practice and procedure in all courts established by the constitution and laws of the State of Michigan." See MCR 1.103. To the extent Defendant relies on the Federal Rules as a basis to support his position that he is entitled to a new trial or relief from judgment, Defendant's argument is without merit.

For all of these reasons, Defendant's motion for reconsideration is DENIED.

IT IS SO ORDERED.

Dated:     APR 2 6 2012

_____
Hon. Wendy Potts

# EXHIBIT 6

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND

LYNDA CARTO, et al,

      Plaintiffs,

                                Case No: 04-056175-CB
                                Hon. Wendy Potts

v.

GLENN UNDERWOOD,

      Defendant.

_____/

**OPINION AND ORDER RE: DEFENDANT'S MOTION FOR RELIEF FROM
NOVEMBER 24, 2010 REVISED JUDGMENT PURSUANT TO MCR
2.613(A)(B)&(C), MCR 2.612(C)(1)(A)(B)(C)(F), AND MCR 2.612(C)(2)**

At a session of Court
Held in Pontiac, Michigan
On DEC 05 2011

Defendant Glenn Underwood moves the Court to grant him relief from the judgment entered
by Judge McDonald on November 24, 2010. The Court will decide the motion without a hearing.
MCR 2.119(E)(3).

Defendant moves for relief from judgment on several grounds, nearly all of which were
raised by Defendant in his motion for new trial and rejected by this Court in either its opinion
denying the motion for new trial or its opinion denying reconsideration. To the extent that Defendant
is asserting the same issues raised in his motions for new trial or for reconsideration, he fails to
demonstrate any ground for relief from judgment under MCR 2.612(C).

Defendant also appears to be asserting that there was an error in Judge McDonald's judgment
that this Court should correct under MCR 2.613(B). Although the rule grants this Court authority to