UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

GLENN R. UNDERWOOD,

    Debtor.

_____/

Case No. 06-55754-tjt
Chapter 11
Hon. Thomas J. Tucker

GLENN R. UNDERWOOD

    Plaintiff,

v.

Adv. Proc. No. 14-04966-tjt

PATRICIA SELENT, LYNDA CARTO,
D. JEANETTE (SULLIVAN) UNDERWOOD,
JULIA SNEAD, THOMAS UNDERWOOD,
JANE (ANGELA) STAEBELL, and
JULIE ANN MCCARVER,

    Defendants,

and

GENE R. KOHUT, Liquidating Agent for the
Estate of Glenn R. Underwood,

    Defendant.

_____/

## GENE R. KOHUT'S RESPONSE TO PLAINTIFF'S MOTION FOR ENTRY OF ORDER RECONVEYING <u>6085 WHITE LAKE ROAD, WHITE LAKE, MICHIGAN 48383</u>

Gene R. Kohut, Liquidating Agent for the Debtor's Bankruptcy Estate, through counsel, Wolfson Bolton PLLC, for his Response to Plaintiff's Motion for Entry of Order Reconveying 6085 White Lake Road, White Lake, Michigan 48383, states:

### BACKGROUND

1. On September 9, 2014, Plaintiff commenced this adversary proceeding. [Docket No. 1].

2. On December 2, 2014, Plaintiff filed his Motion for Entry of Order Reconveying 6085 White Lake Road, White Lake, Michigan 48383 ("Motion"). [Docket No. 58].

3. On December 10, 2014, the Court entered the Order Regarding Motion to Dismiss, Etc., Filed by Defendants Patricia Selent and Lynda Carto, and Regarding Motion to Dismiss or in the Alternative for Summary Judgment, Filed by Defendant Gene R. Kohut, Liquidating Agent [Docket No. 65], which dismissed Counts I, II, and III of the Complaint. Only Count IV remains.

4. On December 19, 2014, the Court entered the Order Approving Stipulation Extending Time for Defendant Gene R. Kohut to Respond to Plaintiff's Remaining Count and Pending Motions [Docket No. 72], which extended the time for Kohut to respond to this Motion to January 12, 2015.

## ARGUMENT

5. Plaintiff seeks equitable relief, but has unclean hands. A plaintiff "who comes into equity must come with clean hands." *Gen. Excavator Co. v. Keystone Driller Co.*, 62 F.2d 48, 49 (6th Cir. 1932). Under the modified chapter 11 plan, Plaintiff was required to escrow $50,000 with Bank of America. Exhibit 1. Plaintiff did not escrow the funds. Plaintiff, therefore, has unclean hands, and his request for equitable relief should be denied.

6. Contrary to Plaintiff's claim, Kohut notified Plaintiff of the property transfers. Exhibit 2. Plaintiff also received this notice, as evidenced by his reply. Exhibit 3. Moreover, Kohut waited 15 days before delivering the deeds to Selent et al. Exhibit 4.

7. Although not raised in the Complaint, the modified plan permitted Kohut to transfer the properties to satisfy a final, non-appealable state court judgment awarded in favor of Selent et al. Exhibit 1. Kohut transferred three of the six properties towards satisfying the judgment. Exhibit 2.

8. Plaintiff has provided no evidence concerning the value of the properties.

9. The modified plan does not permit the transfer of the properties to Plaintiff and his wife. Exhibit 1.

WHEREFORE, Gene R. Kohut, Liquidating Agent for the Debtor's Bankruptcy Estate, respectfully requests that this Court deny Plaintiff's Motion and grant Defendant Kohut additional relief as the Court deems just and equitable.

Respectfully submitted,

WOLFSON BOLTON PLLC

Dated: January 12, 2015
By: /s/ Scott A. Wolfson
Scott A. Wolfson (P53194)
3150 Livernois, Suite 275
Troy, MI 48083
Telephone: (248) 247-7103
Facsimile: (248) 247-7099
E-Mail: swolfson@wolfsonbolton.com

# EXHIBIT LIST

| Exhibit Number | Exhibit Description |
|---|---|
| 1 | Order Granting Approval of Debtor's Motion to Modify Confirmed Chapter 11 Plan Pursuant to 11 U.S.C. § 1127(e) [Bankr. Docket No. 170] |
| 2 | January 16, 2014 Letter from Gene R. Kohut to Glenn R. Underwood |
| 3 | January 30, 2014 Letter from Glenn R. Underwood to Gene R. Kohut |
| 4 | Declaration of Gene R. Kohut |

# Exhibit 1

IN THE MATTER OF:
Glenn Richard Underwood,　　　　　　　　　Bankruptcy Case No. 06-55754
　　　　　　　　　　　　　　　　　　　　　　Honorable Thomas J. Tucker
　　　　Debtor.　　　　　　　　　　　　　　Chapter 11
_____/

## ORDER GRANTING APPROVAL OF DEBTOR'S MOTION TO MODIFY CONFIRMED CHAPTER 11 PLAN PURSUANT TO 11 U.S.C. § 1127(e)

This matter having come before this Court for hearing on September 10, 2008 on the Debtor's Motion to Modify Confirmed Chapter 11 Plan Pursuant to 11 U.S.C. § 1127(e) and the Stipulation of the parties, the Court having read same and being otherwise fully advised in the premises;

**IT IS ORDERED** the Debtor's Motion to Modify Confirmed Chapter 11 Plan Pursuant to 11 U.S.C. § 1127(e) is GRANTED.

**IT IS FURTHER ORDERED** that the First Modified Plan is modified, pursuant to 11 U.S.C. § 1127(e) to provide:

> "Debtor shall: (a) escrow and maintain a balance of no less than $50,000.00 with Bank of America (or any successor or acquirer of Bank of America) upon entry of a non-appealable order modifying Debtor's First Modified Plan; and (b) the funds in the approximate amount of $30,000.00 currently escrowed (and any other funds deposited in such account) with the Oakland Circuit Court, to the extent determined by said Court to be property of the Debtor, shall be tendered to the Debtor and deposited into the above-referenced Bank of America account. Furthermore, any all proceeds relating to Debtor's share in the entity known as, or formerly known as, Underwood Property Management Company shall be forwarded to Debtor and deposited in the above-referenced escrow account at Bank of America (or any successor or acquirer of Bank of America) until payment to the Judgment Creditors on Appeal within ten (10) days after all appellate rights are exhausted by Debtor and the claims by the Judgment Creditors on Appeal against Debtor are both final and non-appealable under the laws of the State of Michigan ("Disbursement Date") or the Judgment Creditors on Appeal are deemed to not have an allowed claim; thereafter, the escrow account may be closed and any all proceeds relating to Debtor's share in the entity known as, or formerly known as, Underwood Property Management Company may be retained by Debtor."
>
> Debtor shall provide account statements to Judgment Creditors on Appeal upon request to counsel.

Upon entry of a final and non-appealable Order approving the Plan modification requested herein, Debtor shall execute quit claim deeds to "Gene Kohut, as liquidating agent for the Estate of Glenn Richard Underwood" ("Liquidating Agent") for the following real property: (a) 6185 White Lake Road, White Lake, MI; (b) 6085 White Lake Road, White Lake, MI; (c) 9230 Dixie Hwy (with four (4) lots), Clarkston, MI; (d) 9237 Hillcrest, Clarkston, MI; (e) 11875 Milford, Holly, MI; (f) 147 Hudson/158 Summit (5 units), Pontiac, MI (individually and collectively the "Real Property"). The Liquidating Agent shall hold the quit claim deeds in escrow and not record the same until twenty (20) days after all appellate rights are exhausted by Debtor and the claims by the Judgment Creditors on Appeal against Debtor are both final and non-appealable under the laws of the State of Michigan. After such time, the Liquidating Agent may record the quit claim deeds to the extent reasonably necessary to effectuate the sale of such real property in order to satisfy any outstanding obligation to the Judgment Creditors on Appeal or the Liquidating Agent. Costs of sale (including real estate broker fees) shall be paid from the sale proceeds obtained from the sale of the Real Property. The Liquidating Agent shall have the power to sell the Real Property in his reasonable business judgment upon fifteen (15) day written notice to the Debtor and the Judgment Creditors on Appeal. In the event any interested party objects to the proposed sale price for any parcel of real property, such interested party shall file a written objection with the United States Bankruptcy Court (of which jurisdiction has been preserved in Article VI(j) of the Plan, Page 22). The United States Bankruptcy Court shall resolve any dispute relating to disposition of the Real Property. The Liquidating Agent shall be paid a flat fee of $5,000.00 for each deeded property sold ("Liquidating Agent Fee"). The Liquidating Agent Fee may be paid from the proceeds of the sale of Real Property or the Debtor. In the event the Liquidating Agent does not sell any Real Property, he shall receive a flat fee of $1,500.00 upon the return of the deeds to any unsold Real Property to Debtor. The United States Bankruptcy Court shall resolve any dispute relating to compensation of the Liquidating Agent (of which jurisdiction has been preserved in Article VI(d) of the Plan, Page 22).

In the event any of the Real property is sold and/or used as collateral for financing prior to the Disbursement Date, the Liquidating Agent shall return such quit claim deed to Debtor; In the event Debtor has escrowed the total of $450,000.00 in the Bank of America Account or satisfied the full amount due, if any, to the Judgment Creditors on Appeal, the Liquidating Agent shall return any outstanding quit claim deeds to Debtor and quit claim any Real Property in which a quit claim deed has been recorded and the Real property not sold.

.

**Signed on October 14, 2008**

                                                        /s/ Thomas J. Tucker
                                                     **Thomas J. Tucker**

United States Bankruptcy Judge

# Exhibit 2



# KOHUT LAW GROUP, PLLC

ATTORNEYS & COUNSELORS AT LAW
21 KERCHEVAL AVENUE, SUITE 285
GROSSE POINTE FARMS, MICHIGAN 48236

T 313.886.9765 • F 313.432.0229

GENE R. KOHUT*†
ELIZABETH A. FOLEY

GENE@GKTRUSTEE.COM
LIZ@GKTRUSTEE.COM

*UNITED STATES BANKRUPTCY TRUSTEE
†STATE/FEDERAL COURT RECEIVER

WWW.GKTRUSTEE.COM

January 16, 2014

Mr. Glenn Underwood
6437 Chestnut Hill Court
P.O. Box 474
Clarkston, MI 48346

    Re:    In the Matter of Glenn R. Underwood
             United States Bankruptcy Court – EDM
             Case No. 06-55754

Dear Mr. Underwood:

    The undersigned was named as liquidating agent pursuant to an order approving the debtor's modified chapter 11 plan dated October 14, 2008. Pursuant to the order the liquidating agent has the power to transfer the real property identified in the order. This shall serve as notice that the liquidating agent has transferred to Lynda Carto, Patricia Selent, D. Jeanette Underwood, Julia Snead, Thomas Underwood, Julie McCarver, and Jane Staebell his interest in the following properties:

    1.    6085 White Lake Road, White Lake, MI
    2.    6185 White Lake Road, White Lake, MI
    3.    9230 Dixie, Clarkston, MI

    The remaining properties identified below shall remain in title to Glenn R. Underwood and Mary L. Underwood, his wife as the deeds dated September 18, 2008 transferring said interest to the liquidating agent are deemed not delivered and/or accepted by the liquidating agent:

    1.    158 Summit and 147 Hudson, Pontiac, MI
    2.    9237 Hillcrest, Clarkston, MI
    3.    11875 Milford Road, Holly, MI

    Very truly yours,

    Gene R. Kohut, Liquidating Agent

GRK/mh

# Exhibit 3

January 30, 2014

Gene R. Kohut
Kohut Law Group, PLLC
21 Kercheval Avenue, Suite 285
Grosse Pointe. MI 48236

  Re: In the matter of Glenn R. Underwood
    United States Bankruptcy Court – EDM
    Case No. 06-55754; Debtor's Modified
    Chapter 11 Plan dated October 14, 2008

Dear Mr. Kohut:

**NOTE:** **This "Letter of Objection" will be filed with The United States Bankruptcy Court pursuant to the above captioned October 14, 2008 Plan.**

  Yesterday, Wednesday, January 29, 2014, I received your letter dated January 16, 2014 (13 days after it was dated/written) pertaining to the above captioned matter.

1. It appears that you were attempting to prevent a response from me within the fifteen (15) day period by delaying the mailing of your January 16, 2014 letter. The Chapter 11 Plan, which you referenced your letter was pursuant to, states that: "That Liquating Agent shall have the power to sell the Real Property in his reasonable business judgment upon fifteen (15) day written notice to the Debtor and the Judgment Creditors on Appeal".

2. It appears by the content of your letter that you decided to attempt railroading a finality to subject case by unilaterally "giving" my and my wife's property to the Judgment Creditors without there being a proven allowed claim supported by my proofs having been examined via an impartial decision maker, i.e. a Judge, a Trustee, a CPA or other independent appointed party in an open, fair, transparent and independent manner; a requirement of "due process" pursuant to the U.S. Constitution's Fourteenth Amendment.

3. It appears that your action, if upheld, would extinguish my wife's interest in 6085 White Lake Road and 6185 White Lake Road, an interest which has existed since my wife and I executed "*Quid Pro Quo*" Deeds to establish our Tenancy-by-the-Entirety interests involving my wife's former property at 6235 Neilson Road, Davisburg, MI property and my Underwood Associates former property interest involving the White Lake Road properties. Both Deeds were executed on April 26, 1998.

  As stated to you earlier, my wife signed the Quit Claims which you received only because she had to sign to release her dower interest, in the event there would be a viable, credible claim. My wife also believed, without question, as we both do, that there is no evidence or proofs which have been or could be presented by the Judgment Creditors, or anybody else, to support any judgment against me.

1

Also, under the Uniform Fraudulent Conveyance Act, intent to defraud creditors can only be presumed if the transfer thereby renders a party insolvent, which obviously is not an issue.

The time line of the transfers creating the Tenancy by the Entirety on said properties, which took place almost six (6) years before the underlying February 17, 2004 lawsuit, also proves that there was no fraudulent conveyance.

My wife, a non-bankrupt Co-Tenant, will act by sending you a written notice today (January 30, 2014) to properly claim her share to any proceeds involving the commonly held properties at 6185 White Lake Road and 6085 White Lake Road <u>before</u> they are applied to satisfy any creditor claim, whether any claim is deemed to be legitimate or not, i.e. whether supported by factual proofs or not.

4. It appears that your January 16, 2014 action is inconsistent and violative of the above captioned October 14, 2008 Plan, since the plan does not provide authority for you, as Liquidating Agent, to unilaterally and arbitrarily simply transfer (give away) a Debtor's (and his Non-Debtor wife's interest) in property, even if a creditor claim was deemed allowable by the Bankruptcy Court Judge.

And assuming the Judgment Creditors on appeal are deemed by the Bankruptcy Judge to have an allowed claim, the October 14, 2008 Plan states:

> "The Liquidating Agent shall have the <u>power to sell</u> the Real Property in his <u>reasonable</u> business judgment upon <u>Fifteen (15) Day Written Notice</u> to Debtor and the Judgment Creditors on appeal. In the event <u>any</u> interested party objects to the proposed sale price for any parcel of Real Property, such interested party shall file a written objection with the United States Bankruptcy Court (of which jurisdiction has been preserved in Article VI(j) of the Plan, Page 22). The United Stated Bankruptcy Court shall resolve any dispute relating to disposition of the Real Property."

Accordingly, I, <u>Glenn Richard Underwood,</u> designated as Debtor in subject October 14, 2008 Plan shall file a written objection with the United States Bankruptcy Court pertaining to the unlawful and unauthorized taking of my and my wife's property via Deed transfers to alleged Creditors, without any proofs to support any claim, by yourself as Liquidating Agent. The transfers are not authorized by said above captioned October 14, 2008 Modified Confirmed Chapter 11 Plan Pursuant to 11 U.S.C. Sec. 1127(e). Further, a Motion will also be filed with the Bankruptcy Court for a hearing to be conducted, etc. pertaining to subject matter, including to seek a court order restoring said White Lake Road and 9230 Dixie properties to my wife and I.

5. It appears that you have abused your authority (power) as the Liquidating Agent in subject matter and/or abused your discretion as well, in the manner in which you have acted as a Trustee ("Liquidating Agent") pertaining to this matter. Also, given past correspondence and our past meeting at your office, it appears to my wife and I that you have <u>not</u> exercised "reasonable" judgment pursuant to the above captioned plan, but have acted in a manner not only

2

violative of the "Plan" itself, but have wrongly and prematurely empowered the Judgment Creditors, all of which are "In Pro Per" litigants; particularly Patricia Selent and Lynda Carto, to conduct themselves in violation of MCL 600.916 by "Practicing Law Without a License". Said act by you may also be a violation of MRPC 5.5(a) by assisting "another" in the practice of law without a license.

This fact is also evident by your providing Patricia Selent (Selent) with the June 18, 2013 letter you wrote to Resident/Tenant at 6185 White Lake Road, White Lake, MI 48383. The letter empowered Selent and her husband to ambush the Land Contract Vendee at his home. By the way, you did not even have the courtesy to copy me on the letter or mail me a copy of said letter. The L/C Vendee gave me his copy.

Since then, Selent's husband, John Selent, has publicly slandered me at the Clarkston Post Office and a Complaint is pending in the matter. A Complaint was filed against Patricia Selent, which is before Judge Potts. A Motion to Disqualify Judge Potts is also awaiting a decision. You are aware that a complaint was previously filed against Lynda Carto. This action is now before the Michigan Court of Appeals awaiting a calendar date for oral argument. Carto has been denied an oral argument by the Court of Appeals.

6. It now appears that instead of acting to resolve the ongoing dispute based on the factual evidence, you have perhaps greatly expanded the ordeal. Now, my wife and I are of the belief that we may have to individually file complaints against each individual you named as a co-creditor on your Deed transfers since not only my individual rights have been compromised by your acts contained in your January 16, 2014 letter, but my wife's rights as well. First, however, we will pursue a fair hearing and a fair result by the Bankruptcy Judge, The Honorable Judge Thomas J. Tucker.

Sincerely,

Glenn R. Underwood
P. O. Box 474
Clarkston, MI 48347
(248) 625-4599
(248) 762-5304 Cell

cc: Honorable Thomas J. Tucker
Bankruptcy Case No. 06-55754
Chapter 11

3

# Exhibit 4

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

GLENN R. UNDERWOOD,

    Debtor.

Case No. 06-55754-tjt
Chapter 11
Hon. Thomas J. Tucker

_____/

GLENN R. UNDERWOOD

    Plaintiff,

v.

Adv. Proc. No. 14-04966-tjt

PATRICIA SELENT, LYNDA CARTO,
D. JEANETTE (SULLIVAN) UNDERWOOD,
JULIA SNEAD, THOMAS UNDERWOOD,
JANE (ANGELA) STAEBELL, and
JULIE ANN MCCARVER,

    Defendants,

and

GENE R. KOHUT, Liquidating Agent for the
Estate of Glenn R. Underwood,

    Defendant.

_____/

## **DECLARATION OF GENE R. KOHUT**

    Defendant, Gene R. Kohut, Liquidating Agent for the Debtor's Bankruptcy Estate, declares as follows:

    1.    I make this Declaration based upon personal knowledge. If called as a witness, I would testify to these facts.

    2.    I have reviewed Gene R. Kohut, Liquidating Agent's, Motion to Dismiss or, in the Alternative, for Summary Judgment in the above-captioned adversary proceeding and I believe the contents to be true and correct.

3. On October 14, 2008, I was appointed the Liquidating Agent for the Bankruptcy Estate of Glenn R. Underwood ("Liquidating Agent") by the Order Granting Approval of Debtor's Motion to Modify Confirmed Chapter 11 Plan Pursuant to 11 U.S.C. § 1127(e) ("Order") [Bankr. Docket No. 170].

4. The Order required the Liquidating Agent to provide Debtor with 15 days' written notice prior to the transfer of title to six properties held in escrow by the Liquidating Agent.

5. I provided 15 days' written notice to Debtor prior to the transfer of title of three properties to Lynda Carto, Patricia Selent, Jeanette Underwood, Julia Snead, Thomas Underwood, Julie McCarver, and Jane Staebell. Title to the remaining three properties was deemed not delivered and/or accepted.

6. Attached as Exhibit 6.B is a true and correct copy of the letter dated January 16, 2014 that I transmitted to Plaintiff Glenn R. Underwood.

7. Attached as Exhibit 6.C is a true and correct copy of the letter dated January 30, 2014 that I received from Plaintiff Glenn R. Underwood.

8. I declare under penalty of perjury that the foregoing is true and correct.


Dated: October 6, 2014                  \_\_\_\_/s/\_ Gene R. Kohut_____
Executed in Oakland County, Michigan     Gene R. Kohut, Liquidating Agent

{00031907.DOCX }  2

14-04966-tjt    Doc 89    Filed 01/12/15    Entered 01/12/15 16:39:11    Page 17 of 17