## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

In re:

GLENN R. UNDERWOOD,

     Debtor.

Case No. 06-55754-tjt
Chapter 11
Hon. Thomas J. Tucker

_____/

GLENN R. UNDERWOOD

     Plaintiff,

v.

Adv. Proc. No. 14-04966-tjt

PATRICIA SELENT, LYNDA CARTO,
D. JEANETTE (SULLIVAN) UNDERWOOD,
JULIA SNEAD, THOMAS UNDERWOOD,
JANE (ANGELA) STAEBELL, and
JULIE ANN MCCARVER,

     Defendants,

and

GENE R. KOHUT, Liquidating Agent for the
Estate of Glenn R. Underwood,

     Defendant.

_____/

### DEFENDANT GENE R. KOHUT'S FIRST SET OF REQUESTS FOR
### PRODUCTION OF DOCUMENTS TO PLAINTIFF GLENN R. UNDERWOOD

Defendant Gene R. Kohut, Liquidating Agent for the Debtor's Bankruptcy Estate, through

counsel, Wolfson Bolton PLLC, pursuant to Fed. R. Civ. P. 34, made applicable to this

adversary proceeding by Fed. R. Bankr. P. 7034, issues the following Requests for Production

of Documents ("Requests for Production") to Plaintiff Glenn R. Underwood.

### DEFINITIONS

1.     The term "communication" means any correspondence, contact, discussion, or

exchange between any two or more persons, whether written or oral. Without limiting the

foregoing, the term "communication" includes all documents, telephone conversations, face-to-face conversations, meetings or conferences, and any other means of transmitting a message.

2. The term "copy" means a photocopy, or any other form of true and accurate duplication of a document.

3. The term "describe" or "description" means state every material fact and circumstance specifically and completely.

4. The term "document" means anything discoverable under Fed. R. Civ. P. 34. Further, the term "document" is used in the broad and liberal sense and means written, typed, printed, recorded or graphic matter, however produced or reproduced, of any kind and description and whether an original, master, duplicate or copy, including papers, notes of conversations, contracts, agreements, purchase orders, invoices, payment vouchers, credit memos, credit policies, payment receipts, bills of lading, delivery receipts, service tickets, field service reports, drawings, telegrams, tape recordings, communications (including inter-office and intra-office memoranda), analytical reports, studies, UCC searches, security agreements, working papers, corporate records, minutes of meetings, notebooks, wire transfers, bank deposit slips, bank checks, canceled checks, diaries, diary entries, appointment books, desk calendars, photographs, transcriptions or sound recordings of any type of personal or telephone conversations, negotiations, meetings, conferences, or things similar to any of the foregoing, and data, information or statistics contained within any data storage module, tape, disc or other memory device, or other information retrievable from storage systems including computer generated reports and print-outs and electronic communication, including e-mail and facsimile transmissions. The term "document" also includes data compilations from which information can be obtained and translated, if necessary, through detection devices in a reasonably usable form. The term "document" also means any English translation of a document in another language. If any "document" has been modified by the addition of notations or otherwise, or has

been prepared in multiple copies which are not identical, each modified copy or non-identical copy is a separate "document."

5. The term "person" means individual persons, firms, associations, partnerships, corporations or other entities.

6. The terms "relating to" and "relate to" mean constituting, defining, containing, embodying, reflecting, identifying, stating, concerning, referring to, dealing with, or in any way pertaining to.

7. The term "including" means including without limitation.

8. The term "any" means "each and every" as well as "any one."

9. The singular includes the plural and the plural includes the singular; the conjunctive includes the disjunctive and the disjunctive includes the conjunctive; the masculine includes the feminine and the feminine includes the masculine; and the present tense includes the past tense and the past tense includes the present tense so as to bring within the scope of these Requests for Production all responses that might otherwise be construed to be outside of their scope.

10. As used herein, the connectives "and" and "or" as used in the term "and/or" will be construed either disjunctively or conjunctively as necessary to bring within the scope of these Requests for Production all responses that might otherwise be construed to be outside of their scope.

11. The term "you" or "your" means Plaintiff Glenn R. Underwood, his agents, representatives, officers, directors, employees, attorneys, experts, investigators, insurers, or anyone acting on behalf of the foregoing.

12. The term "Complaint" refers to the Adversary Complaint [Docket No. 1] filed by you in Adv. Proc. No. 14-04966-tjt in the Bankruptcy Court for the Eastern District of Michigan on or about September 9, 2014.

13.     The term "Amended Prayer for Relief" refers to the Amendment to Complaint Prayer for Relief [Docket No. 68] filed by you in Adv. Proc. No. 14-04966-tjt in the Bankruptcy Court for the Eastern District of Michigan on or about December 17, 2014.

## INSTRUCTIONS

1.     These Requests for Production cover all information known or available to you. The Requests for Production cover all documents in your possession, custody or control, including, without limitation, documents in storage and documents held by agents, attorneys or other persons on your behalf and subject to your control.  Should you be unable to respond to any Requests for Production either by actual knowledge or upon information and belief, identify each person whom you know to have information regarding the subject of the Requests for Production.

2.     Whenever a document has not been produced in full, identify with particularity the reason or reasons it has not been produced in full and describe to the best of your knowledge, information and belief and with as much particularity as possible, those portions of the document that have not been produced.

3.     If a document called for by a request is known to have existed but cannot be located now, identify the document and state: (a) whether the missing document has been in your possession, custody or control, (b) where the missing document was last known to be and the date when the document was last known to be in such location, and (c) in whose possession, custody or control the document may be found or (d) where applicable, whether the document has been destroyed.

4.     If you consider any document called for in the Requests for Production to be privileged or otherwise not subject to production, then include in your response to the Requests for Production a list of documents withheld from production, identifying each document by date, addressee(s), author, title, and subject matter.  In addition, identify those persons who have

seen the document or who were sent copies. Finally, state the ground(s) upon which each such document is considered privileged.

5.     These Requests for Production shall be deemed continuing so as to require supplemental responses and/or production if you or your attorneys obtain further information between the time responses and/or production is made and the time of trial.

## <u>REQUESTS FOR PRODUCTION</u>

Consistent with the timing stated in Fed. R. Civ. P. 34, please produce the following documents and tangible items that are in your possession, custody, or control or which you have a legal right to obtain and mail or deliver to Defendant's counsel's offices at 3150 Livernois, Suite 275, Troy, Michigan 48083 by March 2, 2015:

1.     All documents and communications relating to your claimed damages in the Complaint and Amended Prayer for Relief, including documents and communications relating to the following claimed damages on page 2 of your Amended Prayer for Relief:

     a.     $1,000 worth of attorneys' fees to Linnell & Associates;

     b.     $1,000 worth of attorneys' fees to Attorney Joe McMillan;

     c.     $233.24 for a notice of lis pendens;

     d.     $318.68 for process services fees;

     e.     $121.15 for transcript fees;

     f.     $257.50 for filing fees;

     g.     $7,500 for "self-help activities;"

     h.     $21,000 for "bad faith interference."

2.     All documents and communications relating to the alleged "ingress & egress damage to market value of 9230 Dixie & 9237 Hillcrest properties due to Charles Underwood purchase of property in bad faith resulting from fiduciary dead," as stated on page 3 of your Amended Prayer for Relief.

3. All documents and communications relating to market valuations of 6185 White Lake Road, White Lake, MI 48383, 6085 White Lake Road, White Lake, MI 48383, Lots 79, 80, 81, and 82 of 9230 Dixie Highway, Clarkston, MI 48348, 158 Summit and 147 Hudson, Pontiac, MI 48342, 9237 Hillcrest, Clarkston, MI 48348, and 11875 Milford Road, Holly, MI 48442.

4. All documents and communications relating to Lots 79 and 80 of 9230 Dixie Highway, Clarkston, MI 48348, including documents and communications relating to the tax foreclosure of the lots and your alleged attempt to purchase the lots.

5. All documents and communications relating to the alleged sale of 6185 White Lake Road, White Lake, Michigan 48383 on a land contract to Michael Fann and/or Tina Marie Brady.

6. All documents and communications relating to your allegation in paragraph 110 of your Complaint in which you state "Debtor has incurred additional damages due to lost rent, breaking and entering at 9230 Dixie Highway, Clarkston, and legal fees to protect a land contract vendee at 6185 White Lake Road, White Lake, Michigan."

7. All documents and communications relating to your allegation on pages 22-23 of your Complaint in which you request "damages against Creditor Selent in the amount of $7,500 due to legal fees and self help damages."

8. All documents and communications relating to your claims and allegations in the Complaint and Amended Prayer for Relief.

9. All documents and communications that you intend to introduce or rely on at trial.

Respectfully submitted,

WOLFSON BOLTON PLLC

Dated: January 30, 2015

By /s/ Thomas J. Kelly
     Scott A. Wolfson (P53194)
     Thomas J. Kelly (P78754)
3150 Livernois, Suite 275
Troy, MI 48083
Telephone: (248) 247-7107
Email: tkelly@wolfsonbolton.com